J-S80009-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| OTIS WILKERSON | : | |
| | : | |
| Appellant | : | No. 3686 EDA 2016 |

Appeal from the PCRA Order November 28, 2016
in the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0502681-2003,
CP-51-CR-0707651-2004, CP-51-CR-0802311-2004

BEFORE:  BOWES, J., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY BOWES, J.:                    **FILED APRIL 20, 2018**

Appellant Otis Wilkerson appeals from the November 28, 2016 order denying his first petition filed pursuant to the Post Conviction Relief Act ("PCRA").  Additionally, Appellant's court-appointed PCRA counsel, Stephen T. O'Hanlon, Esquire ("Attorney O'Hanlon"), has filed a **_Turner_**/**_Finley_**[1] "no merit" letter and a separate motion to withdraw as counsel.  We grant Attorney O'Hanlon's motion to withdraw, and affirm.

The facts underlying the instant appeal are somewhat complex. Between 2002 and 2004, Appellant was arrested and charged for drug-related offenses in three separate cases (collectively "the drug cases").  In

_____

[1] **_See Commonwealth v. Turner_**, 544 A.2d 927 (Pa. 1988), and **_Commonwealth v. Finley_**, 550 A.2d 213 (Pa.Super. 1988) (_en banc_).

the first drug case, at No. CP-51-0502681-2003, Appellant, while represented by Todd Henry, Esquire, entered a counseled open guilty plea on June 16, 2004, to possession with intent to deliver ("PWID"). In the second drug case, at No. CP-51-CR-0802311-2004, Appellant, while represented by Delores Bojazi, Esquire, entered a counseled open guilty plea on September 24, 2004, to one count each of PWID and criminal conspiracy. In the third drug case, at No. CP-51-CR-0707651-2004, Appellant, while represented by Timothy Strange, Esquire, entered a counseled open guilty plea on November 16, 2004, to PWID. On that same date, Appellant proceeded immediately to sentencing in the drug cases, which were consolidated for sentencing purposes. The trial court imposed an aggregate prison term of nine to twenty-three months, followed by eight years of probation.

Between 2006 and 2008, Appellant was arrested twice, and charged with rape and other offenses in three separate cases (collectively "the rape cases"). On February 28, 2011, in a consolidated sentencing hearing, Appellant entered open guilty pleas in the rape cases to three counts of rape, two counts each of robbery, possession of an instrument of crime and unlawful restraint, and one count of involuntary deviate sexual intercourse. On June 7, 2011, the trial court sentenced Appellant in the rape cases to an aggregate prison term of forty to eighty years.

Based on the pleas in the rape cases, the trial court found Appellant in violation of his probation in the drug cases. On June 10, 2011, the trial

court conducted a consolidated violation of probation ("VOP") hearing on the drug cases, at which Appellant was represented by Attorney Bojazi.[2]  At the VOP hearing, the trial court was informed of Appellant's guilty pleas in the rape cases.  The trial court was also informed of Appellant's parole in 2005, and subsequent failure to report to his probation officer, resulting in his arrest.  At the conclusion of the hearing, the trial court imposed an aggregate VOP sentence in the drug cases of twenty-seven to fifty-four years in prison, to run consecutively to the sentences imposed in the rape cases.

Following the VOP hearing, Appellant was advised, on the record, of his rights to file a motion to reconsider sentence within ten days, and an appeal within 30 days.  On June 16, 2011, Appellant filed a *pro se* motion for reconsideration of his VOP sentence.[3]  Following a hearing on June 21, 2011, at which neither Appellant nor any of his counsel was present, the trial court

_____

[2] According to Attorney Bojazi, Attorney Strange and another defense attorney also appeared on Appellant's behalf at the VOP hearing.  However, as the two of the attorneys had other engagements, it was decided that Attorney Bojazi would stay at the VOP hearing and represent Appellant in all three of the drug cases.  *See* N.T. PCRA Hearing, 11/14/16, at 9-11.

[3] Appellant attached to his *pro se* filing a "Certification of Service," wherein he requested that copies of his filing be sent to the Public Defender's Office and the Motions Counter at the courthouse, and that time-stamped copies be sent to the District Attorney's Office and the judge of record.

entered an order denying the motion.[4]  Appellant did not file an appeal from his VOP sentence.

On April 30, 2012, Appellant filed a timely *pro se* PCRA petition from his VOP sentence,[5] wherein he asserted that Attorney Bojazi "was to submit a motion for reconsideration which [she] never did."  *Pro Se* PCRA Petition, 4/30/12, at unnumbered 1.  Appellant also claimed that he did not receive a copy of the order denying his *pro se* motion for reconsideration, and that after waiting for the motion to be denied by operation of law,[6] he had filed a notice of appeal on November 10, 2011.[7]  **Id**.  Appellant sought reinstatement of his right to file a direct appeal of his VOP sentence based

---

[4] No service list was attached to the order.

[5] Appellant's petition was styled as a "Petition for Reinstatement of Appellant Rights."  However, the PCRA court properly treated the petition as having been filed pursuant to the PCRA.  **See** 42 Pa.C.S. § 9542 (providing that "[t]he action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect …."); **see also Commonwealth v. Johnson**, 803 A.2d 1291, 1293 (Pa.Super. 2002) (holding that "any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition.").

[6] Pennsylvania Rule of Criminal Procedure 720(B)(3)(a) provides the trial court 120 days in which to decide a post-sentence motion.  After the expiration of 120 days, the motion is deemed denied by operation of law, and the thirty-day period in which to file an appeal is triggered.  However, we note that this Rule does not apply to VOP sentences.  **See** Pa.R.Crim.P. 708(E) (providing that the filing of a motion to modify a VOP sentence will not toll the thirty-day appeal period).

[7] Based on our review of the dockets for the drug cases, no notice of appeal was filed on November 10, 2011.

- 4 -

on his claimed non-receipt of the order denying his *pro se* motion for reconsideration. *Id*. He also filed an affidavit, wherein he attested that he asked Attorney Bojazi to appeal his VOP sentence "and to challenge discretionary aspects of sentencing." Affidavit, 4/26/13, at unnumbered 1. Appellant further averred: "[m]y attorney filed a [m]otion for [r]econsideration of [s]entence but did not honor my request and file a direct appeal." *Id*.

The PCRA court appointed Attorney O'Hanlon as Appellant's PCRA counsel. On May 3, 2013, Attorney O'Hanlon filed an amended PCRA petition, seeking reinstatement of Appellant's direct appeal rights *nunc pro tunc*, and attaching Appellant's affidavit as an exhibit. On July 7, 2014, Appellant filed a *pro se* motion for leave of court to file a PCRA petition. On October 10, 2014, Attorney O'Hanlon filed a supplemental amended PCRA petition, wherein he asserted that federal criminal charges had been brought against Philadelphia Police Officer Perry Betts ("Officer Betts"),[8] and sought leave to withdraw Appellant's guilty pleas in the 2004 drug cases, on the basis that the charges against Officer Betts constituted newly-discovered

_____

[8] In one of the drug cases, at No. CP-51-CR-0707651-2004, Officer Betts arrested one of two buyers who purchased heroin from Appellant. *See* N.T. Sentencing, 11/16/04, at 9-10. Officer Betts did not conduct surveillance on Appellant, or apprehend the other buyer. *Id*. Nor was Officer Betts involved in Appellant's other two drug cases. Officer Betts was subsequently indicted on federal criminal charges unrelated to Appellant's case, and thereafter acquitted on all such charges.

evidence pursuant to 42 Pa.C.S. § 9545(b)(1)(ii). In response, the Commonwealth filed a partial motion to dismiss the petition as to the claim regarding Officer Betts.

The PCRA court conducted an evidentiary hearing, wherein Appellant testified that he had telephoned and written to Attorney Bojazi, requesting her to file a motion for reconsideration and a direct appeal from his VOP sentence, but did not receive a response. N.T. PCRA Hearing, 11/14/16, at 8, 9, 11, 12, 18-19. Appellant's sister, Yolanda Wilkerson Velasquez, testified that she contacted Attorney Bojazi, and requested that she file an appeal of the VOP sentence. *Id*. at 51. Ms. Velasquez claimed that she made several phone calls to Attorney Bojazi. *Id*. Attorney Bojazi testified that she consulted with Appellant immediately after the imposition of the VOP sentence and urged him to permit her to file an appeal, but Appellant directed her to take no further action in the drug cases. *Id*. at 22-25, 44. Attorney Bojazi stated that, after the VOP sentence was imposed, she was never contacted by Appellant or anyone in his family. *Id*. at 29. Finally, Attorney Bojazi testified that she did not receive a copy of Appellant's *pro se* motion for reconsideration, or the trial court's order denying the motion. *Id*. at 26, 32-33.

At the hearing, the Commonwealth argued that Officer Betts played an inconsequential role in one of Appellant's three drug cases, noting that Officer Betts did not participate in the surveillance or arrest of Appellant, and merely arrested one of the buyers in the case. *See* N.T. PCRA Hearing,

11/14/16, at 61-62. The Commonwealth further argued that the criminal charges filed against Officer Betts involved events which occurred years after Appellant's arrest in that case. *Id*. at 62. At the conclusion of the hearing, the PCRA court denied the Commonwealth's partial motion to dismiss. *Id*. at 62.

On November 28, 2016, the PCRA court entered its order and findings of fact, wherein it denied PCRA relief. *See* Order and Findings of Fact, 11/28/16, at 1; *see also id*. at 1-2 (wherein the PCRA court made credibility determinations in favor of Attorney Bojazi, and against Appellant and his sister). Appellant filed a timely notice of appeal. The PCRA court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. In response, Attorney O'Hanlon filed a statement of his intention to file a no merit letter on appeal, and identified the issues to be preserved on appeal. The PCRA court issued its opinion pursuant to Pa.R.A.P. 1925(a).

On August 14, 2017, Attorney O'Hanlon filed with this Court a ***Turner***/***Finley*** no merit letter, along with a separate motion to withdraw as counsel. In the ***Turner***/***Finley*** no merit letter, Attorney Hanlon raises two issues for our review:

1. The PCRA court erred in failing to reinstate appellate rights *nunc pro tunc* because VOP counsel was not credible during the PCRA evidentiary hearing in her testimony relating to [A]ppellant's request for her to perfect [A]ppellant's direct appeal rights[,] and [A]ppellant was credible in his recitation of the same issues.

- 7 -

> 2. The PCRA court erred in not vacating judgment of sentence as to case CP-51-CR-0707651-2004 because the Commonwealth has deemed arresting officer, Perry Betts, to be a non-credible witness.

***Turner/Finley*** No Merit Letter, 8/14/17, at 3, 5 (some capitalization omitted). On September 12, 2017, Appellant filed a *pro se* "Objection to No Merit" in response to Attorney O'Hanlon's ***Turner/Finley*** no merit letter.

In reviewing the denial of a PCRA Petition, our review is limited to examining whether the PCRA court's findings are supported by the record and free of legal error. ***See Commonwealth v. Hanible****, 30 A.3d 426, 438 (Pa. 2011). We view the findings of the PCRA court and the evidence of record in the light most favorable to the prevailing party. ***Id***. "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." ***See Commonwealth v. Mason***, 130 A.3d 601, 617 (Pa. 2015).

Prior to addressing Appellant's claims on appeal, we must address Attorney O'Hanlon's motion to withdraw as counsel. Pursuant to ***Turner/Finley***, independent review of the record by competent counsel is required before withdrawal on collateral appeal is permitted. ***See Commonwealth v. Pitts***, 981 A.2d 875, 876 n.1 (Pa. 2009). In ***Pitts***, our Supreme Court explained that such independent review requires proof of:

> 1. A "no-merit" letter by PC[R]A counsel detailing the nature and extent of his review;

2. The "no-merit" letter by PC[R]A counsel listing each issue the petitioner wished to have reviewed;

3. The PC[R]A counsel's "explanation," in the "no-merit" letter, of why the petitioner's issues were meritless;

4. The PC[R]A court conducting its own independent review of the record; and

5. The PC[R]A court agreeing with counsel that the petition was meritless.

*Id*. (citation and brackets omitted).  Further, PCRA counsel seeking to withdraw in this Court must contemporaneously forward to the petitioner a copy of the petition to withdraw that includes (i) a copy of both the "no-merit" letter, and (ii) a statement advising the PCRA petitioner that, upon the filing of counsel's petition to withdraw, the petitioner has the immediate right to proceed *pro se*, or with the assistance of privately retained counsel. *Commonwealth v. Muzzy*, 141 A.3d 509, 511-12 (Pa.Super. 2016).

Here, in the *Turner*/*Finley* no merit letter, Attorney O'Hanlon described the extent of his review, identified the issues that Appellant sought to raise, and explained why the issues lacked merit.  In addition, Attorney O'Hanlon has indicated that he provided Appellant with a notice of his intention to seek permission to withdraw from representation, a copy of the *Turner*/*Finley* no merit letter, and advised Appellant of his rights in lieu of representation.  *See* Motion to Withdraw, 8/14/17, at 2.  Thus, we conclude that Attorney O'Hanlon has substantially complied with the requirements necessary to withdraw as counsel.  *See Commonwealth v.*

*Karanicolas*, 836 A.2d 940, 947 (Pa.Super. 2003) (holding that substantial compliance with requirements to withdraw as counsel will satisfy the *Turner*/*Finley* criteria). We now independently review Appellant's claims to ascertain whether they entitle him to relief.

In Appellant's first issue, as raised in the *Turner*/*Finley* no merit letter, he asserts that the PCRA court erred in failing to reinstate his appellate rights *nunc pro tunc* because Attorney Bojazi's testimony at the PCRA hearing was not credible. Attorney O'Hanlon contends that the issue lacks merit because the PCRA court, after hearing testimony from Appellant and his sister, deemed their testimony non-credible. *Turner*/*Finley* No Merit Letter at 4-5. Attorney O'Hanlon asserts that the PCRA court found credible Attorney Bojazi's testimony that Appellant did not want her to file an appeal, and its credibility determinations are binding on appeal. *Id*. at 5.

In his *pro se* response to the *Turner*/*Finley* no merit letter,[9] Appellant recounts his argument that his direct appeal rights should be reinstated because he did not receive notice of the trial court's order denying his *pro se* motion for reconsideration of his VOP sentence. *See* Objection of No-Merit, 9/7/17, at unnumbered 2. Appellant also argues that Attorney Bojazi

---

[9] Notably, portions of Appellant's *pro se* response to the *Turner*/*Finley* no merit letter appear to be missing, as his six-page response is unnumbered, and several pages end mid-sentence, without continuance of the sentence on the next page. Further, portions of Appellant's response are unintelligible. Thus, we have addressed the intact and comprehensible portions of Appellant's response.

provided ineffective assistance by abandoning her representation following the imposition of the VOP sentence. *See* Objection of No-Merit, 9/7/17, at unnumbered 3-4.

Initially, we note that Appellant's *pro se* motion for reconsideration of his VOP sentence was a legal nullity, despite the fact that the trial court addressed and ruled on it. *See Commonwealth v. Nischan*, 928 A.2d 349, 355 (Pa.Super. 2007) (concluding that defendant's *pro se* post-sentence motion, filed when defendant was represented by counsel, was "a nullity, having no legal effect"). Our courts have made clear that a defendant who is represented by counsel may not engage in hybrid representation by filing *pro se* documents. *See Commonwealth v. Ali*, 10 A.3d 282, 293 (Pa. 2010). As Appellant was represented by counsel at the time he filed the *pro se* motion, that filing had no legal effect.

Turning to Appellant's ineffectiveness claim, as raised in the *Turner*/*Finley* no merit letter, our standard of review when faced with a claim of ineffective assistance of counsel is well-settled. First, counsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant. *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa.Super. 2010). Next, a petitioner must show (1) that the underlying claim has merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors or omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have

been different. *Id*. The failure to prove any one of the three prongs results in the failure of petitioner's claim. *Id*.

Our Supreme Court has held that counsel's unexplained failure to file a requested direct appeal constitutes ineffective assistance *per se*, such that the petitioner is entitled to reinstatement of direct appeal rights *nunc pro tunc* without establishing prejudice. *See Commonwealth v. Lantzy*, 736 A.2d 564, 572 (Pa. 1999). However, before a court will find ineffectiveness of counsel for failing to file a direct appeal, the petitioner must prove that he requested a direct appeal and that counsel disregarded the request. *See Commonwealth v. Ousley*, 21 A.3d 1238, 1244 (Pa.Super. 2011).

Here, the PCRA court determined that Appellant was accurately advised regarding the time periods for seeking reconsideration and appeal, and elected to file a timely *pro se* motion for reconsideration, thereby demonstrating his awareness of such time periods. Order and Findings of Fact, 11/28/16, at 2.[10] The PCRA court held that Attorney Bojazi credibly testified that "she consulted with [Appellant] immediately after the June 10,

_____

[10] We note that, at the VOP hearing, Appellant was advised that he had thirty-days in which to file a direct appeal from his VOP sentence. N.T. VOP Hearing, 6/10/11, at 20. Appellant's claim that his non-receipt of the order denying his *pro se* motion for reconsideration prevented him from timely filing an appeal of his VOP sentence lacks merit, not only because it was a legal nullity, but also because Pa.R.Crim.P. 720 does not apply to a VOP sentence. *See* Pa.R.Crim.P. 708(E) (providing that the filing of a motion to modify a VOP sentence will not toll the thirty-day appeal period).

2011, sentencing hearing about seeking review of his VOP sentence and advised him to do so, but that he told her to take no action and declined to consult further." *Id*. At 1. The PCRA court credited Attorney Bojazi's explanation that "it was her practice following sentencing to remain available to clients (and any family members acting on a client's behalf) in the event that clients reflected further and wished to change prior decisions." *Id*. at 2. The PCRA court concluded that "neither [Appellant] nor any member of his family contacted or attempted to contact [Attorney] Bojazi following the VOP sentencing hearing—whether in writing, by telephone, or by using any other means—to request that counsel seek further review of the VOP sentence." *Id*. at 1.[11]

"[A]s an appellate court, [we] may not second-guess the PCRA court's credibility determinations." *Commonwealth v. Donaghy*, 33 A.3d 12, 16 (Pa. Super. 2011). As the PCRA court's findings are supported by the record, Appellant's first issue warrants no relief.

In Appellant's second issue, as raised in the *Turner*/*Finley* no merit letter, he contends that the PCRA court erred in not vacating his 2004 sentence imposed in the drug cases because Officer Betts was a non-credible witness. Attorney O'Hanlon contends that the issue lacks merit because

---

[11] The PCRA court additionally found that "[Appellant's] filing of a *pro se* motion for reconsideration, which did not purport to serve [Attorney] Bojazi, further supports her testimony that Appellant had rejected her advice and assistance." Order and Findings of Fact, 11/28/16, at 2.

Officer Betts merely apprehended one of two buyers in one of the three drug cases against Appellant, did not arrest Appellant, and was only tangentially involved in that case. **Turner**/**Finley** No Merit Letter at 5-6. Additionally, Attorney O'Hanlon argues that Officer Betts was acquitted of all criminal charges. **Id**. at 6. Finally, Attorney O'Hanlon points to Appellant's guilty plea colloquy, wherein Appellant accepted as true the factual recitation supporting his drug convictions, and claims that Appellant is now bound by his representations to the trial court at his guilty plea hearing. **Id**. at 5; **see also** N.T. Sentencing, 11/16/04 , at 9-11 (wherein Appellant accepted the Commonwealth's factual summary of the case against him, including the representation that Officer Betts did not conduct surveillance or arrest Appellant, and merely apprehended one of the buyers in the case). In his response to the **Turner**/**Finley** no merit letter, Appellant does not address this issue.

We find Appellant's claim regarding Officer Betts to be unrelated to the VOP sentence imposed in 2011, which is the *only* sentence at issue in the timely PCRA petition before us. Appellant's claim pertains to his 2004 sentence imposed at No. CP-51-CR-0707651-2004. In order to raise a claim regarding that sentence, Appellant was required seek PCRA relief within one year of the date the sentence became final. **See** 42 Pa.C.S. § 9545; **see also Commonwealth v. Jones**, 54 A.3d 14, 16 (Pa. 2012). Appellant's sentence in that case became final in December 2004, when the thirty-day

period in which to file an appeal expired. Thus, Appellant had until December 2005 to file a timely PCRA petition, but failed to do so. Thus, Appellant's claim pertaining to Officer Betts is facially untimely.

Pennsylvania courts may consider an untimely PCRA petition if the appellant can explicitly plead and prove one of three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1). Any PCRA petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." *Id.* § 9545(b)(2); *see also Commonwealth v. Albrecht*, 994 A.2d 1091, 1094 (Pa. 2010).

Appellant argues that his claim falls within the newly-discovered fact exception at section 9545(b)(1)(ii), which requires a petitioner to establish that (1) the facts upon which the claim was predicated were unknown; and (2) they could not have been ascertained by the exercise of due diligence. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1270-72 (Pa. 2007); *see also Commonwealth v. Breakiron*, 781 A.2d 94, 98 (Pa. 2001) (rejecting an attempt to invoke section 9545(b)(1)(ii) because the appellant failed to offer any evidence that he exercised due diligence in obtaining facts upon which his claim was based).

Our review of the record discloses no effort by Appellant to establish that (1) the facts upon which his present claim regarding Officer Betts is predicated were unknown to Appellant; and (2) they could not have been ascertained by the exercise of due diligence. Nor has Appellant

demonstrated that his amended PCRA petition raising his claim regarding Officer Betts was filed within sixty days of the date on which Appellant learned of the criminal charges against Officer Betts. Thus, Appellant failed to overcome the untimeliness of his claim regarding Officer Betts, and the PCRA court lacked jurisdiction to address it. As Appellant's claim regarding Officer Betts is untimely, this Court also lacks jurisdiction to address it. **_See_**

**_Commonwealth v. Cox_**, 146 A.3d 221, 227 (Pa. 2016).

We now turn to the additional issues raised by Appellant in his _pro se_ response to the **_Turner_**/**_Finley_** no merit letter. Appellant claims that his court-appointed PCRA counsel, Attorney O'Hanlon was ineffective for failing to (1) "argue the reconsideration motion filed _pro se_ by [A]ppellant as the Commonwealth contends is a legal nullity and no notice of denial was required[;]" (2) "argue in the case sub[-]judice as a double standard and should not have been ruled upon, due to [Appellant] having counsel of record[;]" (3) "amend petition where [A]ppellant['s] rights were violated pursuant to Pa.R.Crim.P. 708(B)(1)….;" (4) "amend [A]ppellant's petition with respect to cruel unusual punishment, a harsh sentence in violation of the 8th Amendment[,] and challenging consecutive versus concurrent sentences[;]" and (5) amend Appellant's petition to include a claim that the trial court failed to notify Appellant that any violation of the court's probation would subject Appellant to an enhanced sentence. Objection of No-Merit, 9/7/17, at unnumbered 5-6.

Appellant did not raise the issue of Attorney O'Hanlon's ineffectiveness in the PCRA court; therefore, the issue is not properly before us. *See **Commonwealth v. Henkel**, 90 A.3d 16, 21-30 (Pa.Super. 2014) (*en banc*) (providing a thorough discussion of this issue, and concluding that, under current Supreme Court precedent, a PCRA petitioner cannot assert claims of PCRA counsel ineffectiveness for the first time on appeal).

As we conclude that each of the issues raised in Attorney O'Hanlon's **Turner**/**Finley** no merit letter, and in Appellant's response thereto, lacks merit or is not properly before us, we grant Attorney O'Hanlon's motion to withdraw as counsel, and affirm the PCRA court's order denying Appellant's PCRA petition.

Motion of Stephen T. O'Hanlon, Esquire to withdraw as counsel granted. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/20/18

- 17 -